**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **TO ALLOW UNRESTRICTED** |
| v. | ) | **TELEPHONE ACCESS** |
| | ) | |
| Sean David Snyder, | ) | Case No.: 1:25-cr-00255 |
| | ) | |
| Defendant. | ) | |

On November 19, 2025, Defendant was charged by Indictment with three counts of travel with intent to engage in illicit sexual conduct, three counts of engaging in illicit sexual conduct in foreign places, and one count of possession of materials containing child pornography. (Doc. No. 2).

On April 2, 2026, Defendant was charged by Superseding Indictment with an additional count, attempted tampering with a witness. (Doc. No. 65). Based on this charge, on April 17, 2026, the United States Marshal Service ("USMS") directed the detention facility to restrict Defendant's telephone access to calls with his attorney only. (*See* Doc. No. 73 at 1-2).

On April 28, 2026, Defendant filed a *Motion to Allow Unrestricted Telephone Access*. (Doc. No. 71). Therein, Defendant requests the court allow him unrestricted access to the telephone. He specially asserted that if he is unable to communicate with his family, his businesses in Thailand and North Dakota will suffer, and the telephone calls are important to his mental health, the mental health of his family, and to his businesses. Next, Defendant alleges that neither he nor anyone else in his family have access to his minor children, the alleged victims, as they are currently in the custody of a Non-Government Organization in Thailand. Finally, Defendant contends that the

phone calls upon which the attempted witness tampering charge is based, were ordinary family phone calls, not attempts to improperly influence or intimidate the alleged minor victims.

On April 29, 2026, the United States filed a response in opposition to Defendant's motion. (Doc. No. 73). The United States disputes several of the factual assertions made in Defendant's motion and argues that the USMS had a legitimate interest in restricting the Defendant's jail calls and appropriately imposed those restrictions.

The court is inclined to agree with the United States that the telephone restriction is warranted and appropriate in this circumstance. Pursuant to the Due Process Clause, federal detainees are protected from punishment prior to conviction. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Courts consider the following when determining whether particular restrictions and conditions of pretrial detention amount to punishment:

> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it].' Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal – if it is arbitrary or purposeless – a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.

*Id.* at 538-39 (internal citations omitted; emphasis in original).

Restrictions on telephone access have been permitted when reasonably related to a government objective. *See Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) (finding that while prisoners may have the right to use the telephone, there is no right to unlimited telephone use). Similarly, both the Eighth Circuit and other district courts in this circuit have concluded that restrictions on telephonic communication may be implemented to address legitimate concerns. *Id.*

at 1109 ("In the present case, internal security and rehabilitation concerns justify the telephone policy in HU #5. The policy at issue only limits inmates' right to communicate by telephone, not their mail or visiting privileges. Furthermore, the policy seems the best way of addressing the legitimate concerns of prison authorities."); *see also Kemp v. Petray*, No. 07-5056, 2009 WL 2709921, at *5 (W.D. Ark. Aug. 26, 2009) (determining a plaintiff's rights were not violated when his telephone access was restricted for a number of days and he had previously placed hundreds of phone calls).

Here, the USMS restricted Defendant's access to the telephone to attorney-calls only based on the witness tampering charge. "Preventing witness tampering is a legitimate government purpose and limiting a pretrial detainee's communication with people not his lawyer is a response rationally related to preventing witness tampering." *United States v. Howell*, No. 22-CR-107 (KMM/JFD), 2022 WL 4735912, at *2 (D. Minn. Oct. 3, 2022); *see United States v. Hunter*, No. 12-185(3) ADM/FLN, 2013 WL 593413, at *2 (D. Minn. Feb. 14, 2013), *aff'd*, 770 F.3d 740 (8th Cir. 2014) ("The January 15th Order correctly determined that the United States Marshal's decision to place Defendant in administrative segregation is rationally related to a legitimate government objective – to prevent witness tampering by Defendant.").

The United States argues the USMS had a legitimate interest in restricting Defendant's jail calls. Defendant contends that the alleged jail calls do not constitute attempted witness tampering but instead were misconstrued conversations pertaining to family and business matters and such a broad ban impacts his relationships with his family and businesses. Whether these conversations constituted attempted witness tampering is a question for the jury, however, preventing witness tampering is a legitimate government purpose. While the court is aware that limiting Defendant's calls to attorney-only may place some discomfort on him, his family or businesses, such a

restriction is rationally related to the prevention of witness tampering. *See Bell v. Wolfish*, 441 U.S. 520, 540 (1979) (finding that restraints reasonably related to a governmental purpose do not, without more, constitute punishment even when they are discomforting).

Even though Defendant may argue such a restriction is overly broad or unreasonable given the circumstances, such a ban is necessary to ensure that Defendant does not communicate with the potential witnesses or use others to communicate with potential witnesses on his behalf. Moreover, the court is not convinced the restriction is overbroad. *See Shaw v. Shell*, No. 2:15-CV-102, 2016 WL 818496, at *3 (D.N.D. Feb. 12, 2016), *report and recommendation adopted*, No. 2:15-CV-102, 2016 WL 845306 (D.N.D. Mar. 2, 2016) ("Unconstitutional practices include those that are intended as punitive, those that are not rationally related to a legitimate purpose – such as safety, security, and efficiency – and those that are rationally related but nonetheless excessive with regard to their purpose."). There is no indication that the restriction imposed is excessive as although Defendant has been restricted to attorney-only calls, the record does not show that Defendant was also restricted in his ability to engage in written communication or in having visits.

Insofar as Defendant mentions the insufficiency of the United States mail, whether due to mail delays or otherwise, delays are an inevitable and common occurrence that does not justify lifting the restriction.[1] Finally, Defendant argues there are less restrictive alternatives available, such as call monitoring, contact lists, or specific prohibitions that would serve the United States' interests without imposing a "near-total" communication ban. The court first notes that call monitoring would be insufficient here. The phone calls cited by the United States occurred on

---

[1] In terms of mail, Defendant argues, "[m]ail delays hinder timely communication necessary for business operations and the coordination of defense-related efforts." (Doc. No. 71 at 6). The court questions how mail communications may hinder coordination of defense-related efforts. Defendant has not been restricted from contacting his attorney by telephone, and pursuant to the Stipulated Discovery and Protective Order, any discovery materials are to remain in the sole custody of Defendant's counsel, subject to slim exceptions. (*See* Doc. No. 13).

recorded lines, which Defendant knew, or should have known, were being recorded. It is also not reasonable for Defendant to have a call list, as Defendant engaged in the subject calls with his child and wife, whom he would likely request be included on such a list.

Based on the information provided to the court and in finding the USMS had a legitimate interest in restricting Defendant's jail calls to attorney-only based on the witness tampering charge and to prevent witness tampering, the court **DENIES** Defendant's motion (Doc. No. 71). Defendant's telephone calls shall remain restricted to attorney-only unless and until further directed by the USMS.

**IT IS SO ORDERED.**

Dated this 4th day of May, 2026.

> _/s/ Clare R. Hochhalter_
> Clare R. Hochhalter, Magistrate Judge
> United States District Court